THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**           \*

    v.                                      \*   Case No.  SAG-23-0269

  **REGINALD DAVIS**                      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THIRD MOTION TO MODIFY CONDITIONS OF RELEASE

Now comes the Defendant, Reginald Davis, by his attorney, Law Offices of Gerald C. Ruter, P.C., and requests this Honorable Court enter an Order that modifies his current conditions of release and for reasons states as follows:

1. Mr. Davis was indicted for wire fraud and money laundering on or about August 3, 2023.

2. Mr. Davis first appeared before the Court on August 9, 2023, and was released on his personal recognizance with certain conditions.

3. On September 26, 2023, Mr. Davis requested a modification of a release condition concerning the possession of PII of three relatives since he is the personal representative of the estate of these three relatives.  ECF 14.  The Court granted that request on September 27, 2023.  ECF 15.

4. On October 30, 2023, Mr. Davis received written notice from CitiBank with whom he had had a checking account for many

1

years that the bank was closing his account and would not permit him to transact any further business at that bank.

5. Mr. Davis requested that he be permitted to open a banking account in his name for those purposes. ECF 18. The Court granted that request. ECF 19.

6. Mr. Davis has obtained employment by Door Dash as an independent contractor. He receives assignments to deliver food from a commercial establishment and delivers it to residences. He is paid by Door Dash after the assignment has been completed. He receives no cash from the customer. His payment from Door Dash is direct deposited into has banking account.

7. Paragraph (8)(w) of the Court's Conditions of Release states Mr. Davis is to advise any employer of the pendency of the charges against him." Mr. Davis has not yet advised his employer of the pending charges.

8. Mr. Davis requests that he not be required to "(N)otify any current or new employers of the alleged instant offense and provide[d] verification of this notification to Pretrial Services." This is not a condition of release. It is however, an admonition placed at the very bottom of the Order Setting Conditions of Release. The request is being made due to the unique nature of this employment, that is, there is no exchange of money or access to any money by or on behalf of Mr. Davis.

Mr. Davis is not seeking this permission for any employment other than his current employment at Door Dash.

10. Aaron Zelinsky, the Assistant United States Attorney assigned to this case and Erin Thumma with Pretrial Services, hasve no objections to this request.

11. All other conditions of release now in effect shall remain in full force and effect.

**WHEREFORE,** it is prayed this Honorable Court sign an Order excluding the requirement that he advise Door Dash of the pendency of the charges now pending before this Court.

Respectfully Submitted,

/S/ GERALD C. RUTER

_____
GERALD C. RUTER
LAW OFFICES OF GERALD C. RUTER, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland  21237
410 238-8000
ruterlaw@verizon.net

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of January, 2024, a copy of the foregoing Defendant's Motion for Modification of Conditions of Release was electronically delivered to all counsel of record as well as Erin Thumma from Pretrial Services at her email address.

/S/ GERALD C. RUTER
_____
GERALD C. RUTER