IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**       *

      v.                              *     Case No. SAG-23-0269

**REGINALD DAVIS**                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**RESPONSE TO GOVERNMENT'S OMNIBUS MOTION *IN LIMINE***</u>

Now comes the Defendant, Reginald Davis, and in Response to Government's Omnibus Motion *In Limine* says as follows:

The Government requests the Court to prohibit the defense from doing four things while permitting it to do one thing. Each will be addressed *seriatim*.

**I. To preclude the Defendant from introducing evidence and argument concerning alleged negligence by the victim lender, loan processors or the SBA.[1]**

The government's concerns are primarily aimed at "PNC Bank, SBA, and others responsible for approving and distributing the loan the Defendant fraudulently obtained." Its citations to authority in support of its argument, however, are directed at "blame the victim" as an affirmative defense for the fraudulent conduct.

---

[1] The Introduction and the Argument sections concerning this issue are couched in slightly different language that does not affect the arguments made.

1

The argument does not, however, reach testimony or evidence that tends to enlighten the fact finders of the context for Mr. Davis' conduct. So, it is our position that questioning PNC employees or SBA employees or Strong City employees or anyone involved in any of the many decisions that had to be made from the very beginning of the process of seeking PPP relief to its very conclusion, is appropriate. Such questioning is not necessarily designed to assign blame, but it surely will assist a jury in its understanding of what a PPP loan is, how it is obtained, and who and how others participated in the entire process.

**II. The Court should preclude evidence and argument regarding charging decisions or selective prosecution of the defendant.**

The government "anticipates that the evidence at trial will demonstrate that several individuals, in addition to the Defendant, knew about or were involved in the decisions to (a) apply for a PPP loan for Strong City and (b) spend the proceeds of that PPP loan on Strong City Baltimore's debts to other non-profit organizations."

The Court can anticipate a cross examination of witnesses who knew about the purposes of the application for a PPP loan and the distribution of its proceeds. Such questioning will

assess the knowledge, willfulness and intent that Mr. Davis may have possessed throughout the entire process.

There will be no argument that Mr. Davis was selectively prosecuted. The defense has no information that those unnamed persons referenced in the government's submission at page 11 were not charged other than for lack of evidence.

**III. The Court should preclude the defendant from offering or eliciting testimony about personal factors unrelated to the charged offenses.**

The government is aware that during critical times in the application process Mr. Davis was in Chicago on many occasions tending to the aftermath of the murder of his step-father, the aftermath of the murder of his brother that occurred a week later and the visiting of his mother suffering from an extended cancer battle that ended in her death during the same period. Some of the government's witnesses are aware of these events and have noted that during this time period, Mr. Davis was unavailable for periods of time because of these events.

The government argues at page 13 that these "tragic personal circumstances" are irrelevant. More specifically, the government argues that these circumstances do not implicate his knowledge or intent by stating that these losses do "not bear on relevant issues in this case:. . . whether he did so *knowingly* . . . whether he did so with the *intent* to defraud. . ."

3

(Emphasis added). Rather, the government posits it only appeals "to the jury's sympathy." It argues further that even if it was probative, Rule 403 trumps its probative value.

Counsel intends to cross examine witnesses who were aware of the "personal tragedies" to explain why Mr. Davis could not be reached and was out of touch for extended periods of time relevant to this case. Counsel should be permitted to inquire about the reasons for his absence, should they know. Not to permit such questioning is an invitation for the jury to speculate where and why Mr. Davis was not available when needed. Establishing knowledge or lack of knowledge or intent or lack of intent, both being elements of the crimes charged, must not be blocked because there could be a residual of sympathy. A cautionary jury instruction would remedy any such possibility of sympathy overtaking proof of lack of intent or criminal intent.

**IV. The defendant should be precluded from introducing purportedly self-serving exculpatory statements without testifying.**

Without further context, we are unable to address this issue. Not knowing the content of the statements, to whom they were made, when they were made and why they were made, and whether they are self-serving, makes it impossible to fashion any argument concerning this issue.

4

**V.   The Court should admit evidence of inextricably intertwined acts by the defendant or, in the alternative, admit the evidence under Federal Rule of Evidence 401(b).**

The defense agrees with the status of the law as outlined by the government as it relates to the use of intrinsic and extrinsic evidence.

We also agree that much of what is proposed to be introduced may very well be admissible without conceding that intended evidence proposed to be used by the government may not be subject to suppression should it not be intrinsic or extrinsic evidence relevant to any issues before the jury.

                Respectfully Submitted,

                /s/ Gerald C. Ruter

_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net

**Certificate of Service**

**I HEREBY CERTIFY** that on this 6th day of June 2025, I caused the foregoing paper to be electronically filed with the Court and counsel of record by CM/ECF.

/s/ Gerald C. Ruter
_____
Gerald C. Ruter