**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Crim. No. SAG-23-269** |
| | * | |
| **REGINALD DAVIS,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

**GOVERNMENT'S MOTION *IN LIMINE***

In advance of the trial scheduled in this matter on July 14, 2025, the United States of America respectfully seeks a ruling admitting evidence of the Defendant's months' long delay in reporting check fraud perpetrated on the same bank account that received Strong City Baltimore's second draw Paycheck Protection Program ("PPP") loan at the same time the Defendant impermissibly used those funds to pay Strong City Baltimore's debts. For the reasons below, this evidence is admissible either as (a) inextricably intertwined with the charged conduct; or (b) extrinsic but admissible for 404(b)-authorized purposes.

*A. Legal Standard*

The "Rule 404(b) inquiry . . . applies only to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)). "Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence. . . . Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *Basham*, 561 F.3d at 326 (quoting *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008)). "Evidence is intrinsic if it is necessary to 'provide context to

the criminal charges.'" *Basham*, 561 F.3d at 326 (quoting *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007)). In contrast, evidence of extrinsic uncharged conduct is governed by Rule 404(b). "To be admissible under Rule 404(b), evidence must be '(1) relevant to an issue other than [defendant's] character; (2) necessary; and (3) reliable.'" *Siegel*, 536 F.3d at 317 (quoting *United States v. Wells*, 163 F.3d 889, 895 (4th Cir. 1998)).

### B. The Defendant Delayed Reporting Check Fraud on Strong City's Bank Account to Law Enforcement at the Same Time he Misused PPP Funds from the Same Account

The Government seeks to introduce evidence of the Defendant's efforts to hide his PPP fraud from law enforcement. Specifically, the evidence shows that the Defendant, contemporaneous with receiving the PPP funds at issue in the indictment and improperly using the funds to pay Strong City's debts, delayed reporting a theft of over $170,000 from the relevant Strong City bank account for nearly three months.

On March 16, 2021, Strong City received $1.4 million in PPP funds into its PNC Bank account ending in 4485. One week later, on or about March 23, 2021, three fraudulent checks were drawn from the 4485 account, including one fraudulent check for $150,000 made out to an individual in Chicago, Illinois. In total, unknown actors stole over $170,000 from Strong City's account through this check fraud. The following week, under the Defendant's direction, Strong City settled its outstanding debt to the Loeys Dietz/Marfan Foundation with the PPP funds from the 4485 account.

Before and for several months after this payment, the Defendant did not report the check fraud to law enforcement. This was despite direct requests from Strong City personnel. On April 23, 2021 (one month after the theft), a Strong City board member emailed Strong City's Chief Financial Officer Javier Goldin and copied the Defendant. The board member wrote that "the FBI should be notified and investigate this as a federal crime. Do you agree? I believe we need answers

on this matter urgently." The Defendant responded 15 minutes later, stating in relevant part: "It is not necessary to alert the FBI at this point." *See* Ex. 1. It was not until nearly three months after the theft, on June 15, 2021, that the Defendant reported the theft by walking into the Eastern District Precinct of Baltimore Police shortly before midnight and speaking with the intake officer. The Government unaware at this time of any evidence that the Defendant followed up with the Baltimore Police Department about this report.

### C. The Defendant's Delay and Manner of Reporting the Check Fraud Should be Admitted as Conduct Intrinsic to the Charged Offense.

This evidence is admissible as intrinsic to the charged offense. It demonstrates the Defendant's contemporaneous effort to conceal the charged conduct and bears on his consciousness of guilt. *See United States v. Cushing*, 10 F.4th 1055, 1077 (10th Cir. 2021) (concluding that evidence "supported [the defendant's] guilty conscience and [was] thus intrinsic to the charged crime").

Despite having over $170,000 stolen from his cash-strapped non-profit's bank account, the Defendant waited months to report the theft to law enforcement and rebuffed a call from a colleague to report the theft to the FBI. And he not only waited months, but he chose to report the theft to an intake officer shortly before midnight at a Baltimore Police precinct. A jury could reasonably infer that the Defendant chose to report the theft in a way that would minimize the likelihood of any serious investigation. The theft occurred only days after the same bank account received the very PPP funds at issue in this case. Had the Defendant reported the theft, law enforcement would have investigated the same account used to impermissibly obtain and use Strong City's second draw PPP loan. The Defendant's delay in reporting the theft, and the way in which he chose to report it, is evidence that the Defendant sought to avoid any outside attention towards his fraud. In other words, it was a contemporaneous act directly relevant to the charged

conduct. Such evidence of concealment of the charged crime is routinely admitted as intrinsic evidence. *See United States v. Shah*, 2018 WL 835718, at *3 (D. Md. Feb. 13, 2018) (admitting evidence as intrinsic because it was "relevant to the Defendant's actions in covering up the charged conduct"); *United States v. Staton*, 2012 WL 2036045, at *5 (E.D. Pa. June 5, 2012), aff'd, 605 F. App'x 110 (3d Cir. 2015) (admitting evidence that "supports an inference that he intended to conceal the income he was receiving as a result of the" charged fraudulent scheme); *United States v. Webb*, 2024 WL 4881971, at *1 (W.D. Pa. Nov. 25, 2024) (holding that "evidence of [the defendant's] flight [was] intrinsic evidence as to Count Four because his flight prolonged his possession of the controlled substances.").

### D. In the Alternative, this Same Evidence is Admissible as Extrinsic Evidence Under Rule 404(b).

The Defendant's delay and method of reporting the theft contemporaneous to his own charged fraud is also admissible under Fed R. Evid. 404(b) because it is (1) relevant to an issue other than Defendant's character; (2) necessary; and (3) reliable. First, it is relevant to the Defendant's knowledge of wrongdoing and absence of mistake. The evidence shows that the Defendant took affirmative steps to conceal his criminal conduct and shield the bank account used in his fraud from law enforcement. He did so despite having every reason to do the opposite: his organization had many debts, was struggling to obtain cash, and now had been defrauded of over $170,000 dollars. Second, the evidence is necessary because it completes the story of the Defendant's fraud. As stated in the Government's prior motion *in limine* filing, the Government must prove that the Defendant entered the scheme to defraud PNC Bank and obtain a fraudulent PPP loan knowingly. The fact that the Defendant took efforts to avoid law enforcement scrutiny indicates knowledge of his fraudulent conduct. Third, the evidence well exceeds the reliability

threshold. This evidence will consist of the Defendant's own emails and financial documents. *Siegel*, 536 F.3d at 319

Finally, there is no basis for exclusion of the evidence under Rule 403. Evidence related to the Defendant's consciousness of guilt is highly probative. It goes directly to the Defendant's state of mind as he was directing that PPP funds be used to satisfy Strong City's debts. On the other hand, there is no risk of *unfair* prejudice. *See United States v. Bradley*, 924 F.3d 476, 483 (8th Cir. 2019) ("Evidence is not unfairly prejudicial merely because it tends to prove a defendant's guilt.").

## **CONCLUSION**

For the reasons explained above, the Court should admit evidence of the Defendant's contemporaneous delay in reporting check fraud to law enforcement as inextricably intertwined acts by the Defendant or, in the alternative, as permissible Rule 404(b) evidence.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

__*/s/*_____
Joseph L. Wenner
Ariel D. Evans
Assistant United States Attorneys
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2025, I caused a copy of the foregoing motion to be

filed electronically with the Court and counsel of record using the CM/ECF system.


_/s/_____

Joseph L. Wenner
Assistant United States Attorney